EWING COLE, INC., )
)
      Plaintiff, )
)
v. )
)
COUNTY OF CUMBERLAND NORTH )
CAROLINA, )
      Defendant. )
)
―――――――――――――――――― )
)

## ANSWER

Now Comes Defendant County of Cumberland, North Carolina, (the "County"), by and through the undersigned counsel, and responds to Plaintiff's Complaint as follows.

1. The allegations of paragraph 1 are admitted upon information and belief.

2. The allegations of paragraph 2 are admitted upon information and belief.

3. The allegations of paragraph 3 are admitted upon information and belief.

4. The allegations of paragraph 4 are admitted upon information and belief.

5. The allegations of paragraph 5 are admitted upon information and belief.

6. The allegations of paragraph 6 are admitted.

7. It is admitted that N.C. Gen. Stat. § 153A-11 states that a county may sue or be sued as part of its corporate powers. It is admitted that the County is a county. Except as admitted, denied.

8. The allegations of paragraph 8 are admitted.

### JURISDICTION AND VENUE

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

## FACTS COMMON TO ALL COUNTS

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are admitted.

20. It is denied that the County began soliciting qualifications after it decided it would shutter and replace the existing theater. Except as denied, admitted.

21. The Request for Qualifications is a written document and is the best evidence of its contents. Except as admitted, denied.

22. It is admitted that the Agreement was effective as of November 28, 2023. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

23. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

24. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

25. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

26. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

27. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

28. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

29. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

30. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

31. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

32. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

33. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

34. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

35. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

Case 5:25-cv-00665-D-RN    Document 9    Filed 12/18/25    Page 3 of 12

36. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

37. The Agreement is a written document and is the best evidence of its contents. Except as admitted, denied.

38. It is denied that the revised budget was based on estimates prepared by the County or MBP. The revised budget was based solely upon the estimates of Plaintiff. Except as denied, admitted.

39. It is admitted that Plaintiff issued Change Order Number 1 ("CO#1") on July 31, 2023. CO#1 is a written document and is the best evidence of its contents. Except as admitted, denied.

40. It is admitted that Plaintiff performed services under CO#1. It is denied that CO#1 became legally binding or enforceable by operation of Section 4.2.1 of the Agreement. Except as admitted, denied.

41. The allegations of paragraph 41 are admitted.

42. It is admitted that there was no CMaR under contract with the County as of August 2023. It is denied that the County was required to have a CMaR in place as of August of 2023 and that the lack of a CMaR affected Plaintiff's activity. It is further denied that the building's size increased due to program requests by the County. Plaintiff presented enclosing the loading dock as requiring 7,562 square feet and approximately one million to one and a half million dollars, and as such this would have been a small part of the increases caused by Plaintiff. The building size increased due to Plaintiff's failure to include original program requirements in Plaintiff's original design, such as a secondary entrance, a sufficient amount of bathrooms, lightwells, storage areas, bars on each floor and a speak easy. Plaintiff increased the size of the building to account for

Plaintiff's own design errors. Rather than correcting these design errors, Plaintiff simply increased the square footage of the building. Except as admitted, denied.

43.    The allegations of paragraph 43 are denied. By way of further response, it is denied that the project was within budget. Plaintiff was contractually bound to deliver a project within the County's budget and initially failed to do so. It is denied that the County approved a 164,000 square foot building. The CECC approved a concept, but nothing more, and at the time was not given the amount of the increased square footage by Plaintiff.

44.    It is admitted that TA Loving/Metcon came on board the project as the CMaR on or about September 18, 2023, and was given drawings to review. Except as admitted, denied.

45.    It is admitted that the CMaR provided an initial cost estimate of $128,700,000, one week before EwingCole submitted its Design Development drawings and specifications, which was based upon the design prepared by Plaintiff. It is further admitted that Plaintiff breached the Agreement by failing to design a project within the County's budget. It is further admitted that the project exceeded the County's budget because Plaintiff increased the size of the project by approximately 40,000 square feet to make up for program design omissions and errors by Plaintiff. Except as admitted, denied.

46.    It is admitted that the CMaR produced an estimated construction cost of $136,600,000 in mid-December 2023. Except as admitted, denied.

47.    It is denied that Plaintiff presented options for meeting the budget or a value engineering budget. Except as denied, admitted.

48.    It is denied that the County ever approved a change in the building program. It is denied that the County drove the increase in cost. Plaintiff caused the increase in size due to original program design omissions, and the resulting increase in costs. It is denied that Plaintiff

was unaware of the cost increase prior to the CMaR coming on board the project. Except as denied, admitted upon information and belief.

49. The allegations of paragraph 49 are admitted. By way of further response, this was required because Plaintiff had breached the Agreement by omitting program requirements from the initial design and then completing a redesign that exceeded the County's budget. Further, the CECC instructed Plaintiff that the County would not pay the Plaintiff a fee in connection with this work, and Plaintiff agreed.

50. The allegations of paragraph 50 are admitted.

51. The allegations of paragraph 51 are denied.

52. It is admitted that Plaintiff issued Change Order Number 2 ("CO#2") dated March 4, 2024. CO#2 is a written document and is the best evidence of its contents. Except as admitted, denied.

53. It is admitted that Plaintiff did not initially receive notice not to proceed with CO#2. It is denied that CO#2 was properly served upon the County. It is further denied that Section 4.2.1 of the Agreement was legally valid or enforceable and that it operated to create a binding agreement for CO#2. It is admitted that Plaintiff billed for CO#2 services. It is denied that Plaintiff was due any compensation for CO#2 services. Except as admitted, denied.

54. It is admitted that the County initially, by mistake, paid for CO#2 services. It is further admitted that those payments were later assigned to CO#1 services, such that all services performed under the base Agreement and CO#1 have been fully paid. Except as admitted, denied.

55. It is denied that the County authorized CO#2. It is further denied that the County was aware of CO#2 on June 17, 2024. It is further denied that the County was made aware that the project was over budget at this time. Except as denied, admitted.

56. It is admitted that the County stopped paying Plaintiff's invoices for a period of time after the County discovered CO#2 and Plaintiff's failure to properly notify the County of the requested CO#2 and the CO#2 related invoices. Except as admitted, denied.

57. The allegations of paragraph 57 are denied.

58. It is admitted the County approved CO#1 in November 2024. It is admitted the County informed Plaintiff in November 2024 that CO#2 was not approved. Except as admitted, denied.

59. It is admitted that Plaintiff sent the County a communication concerning CO#2 on February 17, 2025. Except as admitted, denied.

60. It is admitted that the County suspended the project on March 17, 2025 for 30 days. Except as admitted, denied.

61. It is admitted that Plaintiff notified the County that it was suspending services on or about March 17, 2025. It is admitted that the County notified Plaintiff in April 2025 that it was lifting the suspension of the project. Except as admitted, denied.

62. The allegations of paragraph 62 are admitted.

63. The allegations of paragraph 63 are denied. By way of further response, the County has paid Plaintiff all sums due under the base Agreement and CO#1, and no sums are properly due and owing under CO#2.

64. The allegations of paragraph 64 are denied.

65. It is admitted that the County issued payment to Plaintiff on September 11, 2025, in the amount of $977,615.61, which constituted all amounts owed to Plaintiff. Except as admitted, denied.

66. The allegations of paragraph 66 are denied.

67.     The allegations of paragraph 67 are denied.

68.     The allegations of paragraph 68 are denied.

69.     The allegations of paragraph 69 are admitted.

**COUNT I**
**BREACH OF CONTRACT**

70.     The County incorporates the response to the preceding paragraphs as if fully set forth herein.

71.     The allegations of paragraph 71 are denied.

72.     It is admitted that the base Agreement contained a pre-audit certificate. Except as admitted, denied.

73.     The allegations of paragraph 73 are denied.

74.     The allegations of paragraph 74 are denied.

75.     The allegations of paragraph 75 are denied.

76.     The allegations of paragraph 76 are denied.

77.     The allegations of paragraph 77 are denied.

78.     The allegations of paragraph 78 are denied.

**FIRST AFFIRMATIVE DEFENSE**

Each allegation of the Complaint not specifically admitted above is hereby denied.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by Plaintiff's material breach of contract. Plaintiff failed to design the project within the County's budget. Plaintiff failed to give notice to the County's representative, MBP of CO#2 and its subsequent invoices. Plaintiff failed to correct its program omissions from the design within the County's budget. Plaintiff failed to timely inform the County and MBP of

-8-

the project's increased square footage. Plaintiff committed such other breaches as may be shown at trial.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the lack of a valid and enforceable contract.

## FOURTH AFFIRMATIVE DEFENSE

The County has fully performed all obligations owed to Plaintiff. The County has fully paid all amounts due and owing under the base Agreement and CO#1. No amounts are due and owing under CO#2.

## FIFTH AFFIRMATIVE DEFENSE

Section 4.2.1 of the Agreement, which purports to allow Plaintiff to unilaterally amend the Agreement by serving a proposed amendment, styled a Change Order, upon the County, and thereafter become a valid amendment to the Agreement, is not a valid or enforceable contractual provision.

## SIXTH AFFIRMATIVE DEFENSE

Even if Section 4.2.1 of the Agreement were valid and enforceable, Plaintiff failed to properly avail itself of this provision because Plaintiff failed to properly serve notice of CO#2 on the County. The Agreement required Plaintiff to serve proposed change orders on Plaintiff's Representative, MBP of the Carolinas, Inc. ("MBP"), and Plaintiff failed to do so. Plaintiff also failed to serve subsequent invoices, which purported to charge the County for sums under CO#2 on MBP.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Case 5:25-cv-00665-D-RN    Document 9    Filed 12/18/25    Page 9 of 12

Plaintiff's claim is barred in whole or in part by Plaintiff's failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because the contract Plaintiff seeks to enforce was an illegal contract in that it purported to allow Plaintiff to amend the contract without following statutorily required procedures for amending a contract with a public entity, and Plaintiff attempted to avail itself of this illegal clause.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to the Agreement, any additional sums due Plaintiff based upon amendments to the Agreement were only to be paid based upon Plaintiff's time and material. Plaintiff has failed to submit proposed amendments to the County for time and materials and breached the Agreement by attempting to gain additional compensation otherwise. Pursuant to the terms of the Agreement, to the extent any sum is due to Plaintiff, which is denied, it can only be based upon actual time and materials used by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent any sums are due Plaintiff under the base Agreement or CO#1, they should be offset by the amount any sums paid to Plaintiff under CO#2.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part because Plaintiff is not entitled under the Agreement or applicable law to be paid additional sums above the base Agreement incurred because of additional work necessitated by the fault or negligence of Plaintiff or Plaintiff's failure to follow the County's instructions or budget restrictions.

## THIRTEENTH AFFIRMATIVE DEFENSE

It is denied that Plaintiff completed the work for which it now seeks payment.

-10-

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of sovereign and/or governmental immunity.

WHEREFORE, the County prays the Court:

1. Deny and dismiss Plaintiff's claims;

2. Grant a trial by jury;

3. Treat each affirmative defense as an offsetting counterclaim to any amount awarded to Plaintiff pursuant to Fed. R. Civ. P. 8(c)(2) and other applicable law as justice may require;

4. Tax Plaintiff with the County's costs, including attorney fees, as allowed by law; and,

5. For such other and further relief as the Court deems necessary and proper.

Respectfully submitted this the 18th day of December, 2025.

/s/ J. Scott Flowers
J. Scott Flowers
N.C. State Bar No. 31525
Hutchens Law Firm LLP
Post Office Box 2505
Fayetteville, North Carolina 28302
Telephone:     (910) 864-6888
scott.flowers@hutchenslawfirm.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Carmela E. Mastrianni
cmastrianni@lawhssm.com
*Counsel for Plantiff*

This the 18th day of December, 2025.

/s/ J. Scott Flowers
J. Scott Flowers
N.C. State Bar No. 31525
Hutchens Law Firm LLP
Post Office Box 2505
Fayetteville, North Carolina 28302
Telephone: (910) 864-6888
scott.flowers@hutchenslawfirm.com
*Attorneys for Defendant*

-12-